# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 19-9618 PA (AFMx) | Date | November 12, 2019 |
|---|---|---|---|
| Title | Jason Alan v. Austin Capital Bank, SSB | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is the Notice of Removal filed by defendant Austin Capital Bank, SSB ("Defendant"). Defendant asserts that federal jurisdiction exists on the basis of the existence of a federal question and diversity of citizenship. See 28 U.S.C. § 1331 & 1332.

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

Suits filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The "burden of establishing federal subject matter jurisdiction is on the party seeking removal . . . ." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). An action may be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The removal statute is 'strictly construed against removal jurisdiction and any doubt must be resolved in favor of remand.'" Hofler v. Aetna US Healthcare of Cal., Inc., 296 F.3d 764, 767 (9th Cir. 2002) (quoting Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)). The removing party has the burden of establishing that removal is proper. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992)

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-9618 PA (AFMx) | Date | November 12, 2019 |
|---|---|---|---|
| Title | Jason Alan v. Austin Capital Bank, SSB | | |

of plaintiff's properly pleaded complaint." Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. There is no federal question jurisdiction simply because there is a federal defense to the claim. Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F. 2d 1368, 1372 (9th Cir. 1987).

Here, the Complaint filed by plaintiff Jason Alan ("Plaintiff") asserts claims for violations of California's Rosenthal Fair Debt Collection Practices Act and Consumer Credit Reporting Agencies Act. Although Defendant's Notice of Removal concedes that "Plaintiff did not allege a specific 'claim' under the Fair Credit Reporting Act," Defendant contends that the Court nevertheless possesses federal question jurisdiction over the action because the Fair Credit Reporting Act ("FCRA") "grants broad preemption and protection from state law relating to the responsibilities of furnishers of information . . . ." (Notice or Removal at ¶¶ 12 & 13.)

"[I]t is 'settled law that a case may not be removed to federal court on the basis of a federal defense, including a defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.'" Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1106 (9th Cir. 2000) (quoting Franchise Tax Bd. of Cal. V. Construction Laborers Vacation Trust for S. Cal., 463 U.S. 1, 14, 103 S. Ct. 2841, 2848, 77 L. Ed. 2d 420 (1983)). Although the jurisdictional doctrine of "complete preemption" serves as an exception to the well-pleaded complaint rule, it "arises only in 'extraordinary' situations" and the Supreme Court has "identified only three federal statutes that satisfy" its complete preemption test. Ansley v. Ameriquest Mortg. Co., 340 F.3d 858, 861-62 (9th Cir. 2003) (explaining that the Supreme Court has only applied complete preemption in actions involving section 502 of the Employee Retirement Income Security Act, section 301 of the Labor Management Relations Act, and the usury provisions of the National Bank Act). Neither the Supreme Court nor the Ninth Circuit has ever concluded that the FCRA's preemption provisions "completely preempt" state claims for purposes of supporting removal based on the existence of a federal question, and numerous District Courts within the Ninth Circuit have rejected removals based on FCRA preemption. See Stone-Molloy v. Midland Funding LLC, CV 15-8017 ODW (AJWx), 2015 WL 6159104, at *2 (C.D. Cal. Oct. 19, 2015); Cordes v. Select Portfolio Servicing, Inc., SACV 12-315 CJC

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-9618 PA (AFMx) | Date | November 12, 2019 |
|---|---|---|---|
| Title | Jason Alan v. Austin Capital Bank, SSB | | |

(RNBx), 2012 WL 12904077, at *1-2 (C.D. Cal. May 22, 2012); Chase Bank USA, N.A. v. Duran, CV 06-2258 MMC, 2006 WL 889432, at *1 (N.D. Cal. Apr. 5, 2006); Sehl v. Safari Motor Coaches, Inc., CV 01-1750 SI, 2001 WL 940846, at *6-7 (N.D. Cal. Aug. 13, 2001).

The Court therefore concludes that Defendant has failed to establish that Plaintiff's claims for violations of California's Rosenthal Fair Debt Collection Practices Act and Consumer Credit Reporting Agencies Act are completely preempted or otherwise state a federal claim that supports the Court's exercise of federal question jurisdiction over this action.

Defendant alternatively alleges in its Notice of Removal that the Court possesses diversity jurisdiction over the action. Subject matter jurisdiction based on diversity of citizenship requires all plaintiffs to have different citizenship from all defendants and that the amount in controversy exceed $75,000. See 28 U.S.C. § 1332; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978). In attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

When determining the amount in controversy, the Court must assume that the allegations in the complaint are true and that a jury will return a verdict in the plaintiff's favor on all of the claims in the complaint. See Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." Korn v. Polo Ralph Lauren Corp., 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (emphasis in original); see also Rippee v. Boston Market Corp., 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005). When an action has been removed and the amount in controversy is in doubt, there is a "strong presumption" that the plaintiff has not claimed an amount sufficient to confer jurisdiction. Gaus, 980 F.2d at 566 (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288–90, 58 S. Ct. 586, 82 L. Ed. 845 (1938)). "[T]he amount-in-controversy inquiry in the removal context is not confined to

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 19-9618 PA (AFMx) | Date | November 12, 2019 |
|---|---|---|---|
| Title | Jason Alan v. Austin Capital Bank, SSB | | |

the face of the complaint." Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004). "When not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996). "Whether damages are unstated in a complaint, or, in the defendant's view are understated, the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds [the statutory minimum] when federal jurisdiction is challenged. . . . [A] defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015). "Conclusory allegations as to the amount in controversy are insufficient." Matheson, 319 F.3d at 1090–91.

     Defendant alleges in its Notice of Removal that the action "is a civil action between parties of different states and the matter in controversy herein exceeds the sum or value of $75,000, exclusive of interest and costs." (Notice of Removal at ¶ 19.) According to the Notice of Removal, the dispute between the parties involves a loan with an "original principal amount of $550.00." (Id. at ¶ 5.) The Notice of Removal also attaches an "Offer to Compromise" in which Plaintiff agrees to settle the action for $12,500. Under these circumstances, the Court concludes that Defendant's conclusory allegations concerning the amount in controversy fail to satisfy Defendant's burden to establish that the amount in controversy exceeds $75,000 by a preponderance of the evidence. As a result, Defendant's Notice of Removal does not establish that the Court possesses diversity jurisdiction over this action.

     For the foregoing reasons, the Court concludes that Defendant's Notice of Removal has failed to establish the existence of either federal question or diversity jurisdiction over this action. The Court therefore remands this action to Ventura County Superior Court, case number 56-2019-00534661-CL-NP-VTA. See 28 U.S.C. § 1447(c).

     IT IS SO ORDERED.